**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **DEAMINGES DAVIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:06CV1041-DJS |
| ) | |
| **JAMES PURKETT,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

A Missouri jury found petitioner Deaminges Davis guilty of murder in the first degree, robbery in the first degree, and armed criminal action, in connection with the events surrounding the death of Willie Curry. Petitioner was thereafter sentenced to life in prison without the possibility of probation or parole, and two concurrent terms of thirty years. In this Court, petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. The United States Magistrate Judge issued her report and her recommendation that Davis's petition be denied. Now before the Court are Davis's objections to the magistrate judge's report and recommendation. Pursuant to 28 U.S.C. §636(b), this Court gives de novo consideration to those portions of the magistrate judge's analysis to which objection is specifically made.

A very limited standard of review applies in these federal habeas proceedings reviewing a state court conviction.

Pursuant to 28 U.S.C. §2254(d), relief on a claim previously addressed by a state court is unavailable unless the state court's adjudication of the claim resulted in a decision that was contrary to or an unreasonable application of federal law as determined by the U.S. Supreme Court, or that was based on an unreasonable determination of the facts.

Grounds 1, 2 and 3 of the petition are claims that Davis's Equal Protection rights were violated by the prosecutor's race-based peremptory strikes of three members of the venire panel. The federal court's review of the trial court's determination of such Batson[1] challenges is particularly deferential:

> We regularly defer to the fact-findings of trial courts because those courts are uniquely positioned to observe the manner and presentation of evidence. Our deference to trial court fact-finding is doubly great in the present circumstance because of the "unique awareness of the totality of the circumstances surrounding voir dire," Moore, 895 F.2d at 486, and because of the statutory restraints on the scope of federal habeas review.

Weaver v. Bowersox, 241 F.3d 1024, 1030 (8th Cir. 2001), *citing* United States v. Moore, 895 F.2d 484, 486 (8th Cir. 1990).

Claim 1 concerns Venireperson Small, an African-American. The prosecutor's explanation for his peremptory strike of Small contained four elements: Small's prior service as foreman of a criminal jury, the prosecutor's impression of Small as a leader not a follower, Small's being party to a pending civil suit involving

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

2

his brother's death in a highway accident, and that his family status (being unmarried with two children) indicated Small did not have significant ties to the community. The last of these was added in an addendum to his initial statement of the first three reasons.

Petitioner's objection to the rejection of this <u>Batson</u> claim is, in essence, his assertion that the prosecutor's race-neutral reasons were merely pretextual and that generally racial discrimination continues to exist but is well-hidden by persons trained by social taboos to do so. The argument is insufficient to demonstrate that the state courts' determination of race-neutrality was unreasonable. Entitlement to habeas corpus relief on the basis of Ground 1 is not shown. Petitioner's objections as to Ground 1 are found to be without merit and are overruled.

Ground 2 is a claim regarding petitioner's <u>Batson</u> objection to the peremptory strike of Venireperson Henderson. After failing to persuade the trial court to strike Henderson for cause, the prosecutor used a peremptory strike against Henderson, based on his belief that Henderson had used an alias and had a number of prior arrests which he did not disclose during voir dire. The prosecutor's belief was based on investigation revealing multiple Social Security numbers used in association with the venireman's name and birthdate, and arrests of persons with these same two identifiers. The trial judge found the information inconclusive and refused to strike Henderson for cause, but

overruled the later Batson objection to the State's peremptory strike. This Court readily finds that the information known to the prosecution reasonably supported a good faith belief that Henderson had failed to reveal past arrests, and that a race-neutral reason therefore existed for his peremptory strike.

Petitioner's objection on Ground 2 consists of his summary assertion that Henderson had no prior arrests and never stated that he had an alias. In addition to failing to support his assertion with citation to the state court record or other evidence, such an objection fails to support the conclusion that the prosecutor did not actually believe, or could not have reasonably believed, that Henderson did have the cited history. Such a belief, even if in error, is not purposeful discrimination in violation of Batson. Furthermore, this habeas court's focus is on the reasonableness of the state court's fact determination that the prosecutor's reason for the strike was not discriminatory. Petitioner's summary objection fails to overcome the presumption of correctness this Court must give to the state court's fact-finding, which the Court finds to be reasonable on the record then before it, particularly in view of the trial court's "unique awareness of the totality of the circumstances surrounding voir dire." Moore, 895 F.2d at 486. Petitioner's objection is overruled, and no relief will be granted on Ground 2.

Ground 3 concerns the prosecution's peremptory strike of Venireperson Carroll, which the State explained as prompted by her

statements that she "hangs out" in the particular neighborhood in which the three defendants, the victim and witnesses all lived. The prosecutor expressed concern that Carroll might know someone with information about the case or know one of the involved individuals. In his objection, petitioner now argues that concern about a juror's presence in that neighborhood would, in effect, apply only to African-Americans. Even if that is so, the rationale is not thereby made a race-based one, rather than a rationale based on the potential for a juror's familiarity with the people, places or events of the case, which is a race-neutral consideration. The record reasonably supported the trial court's determination that the prosecution's strike of Carroll was not race-based. Particularly in view of the §2254(d) standard of review, petitioner's objection is overruled, and no relief will be granted on Ground 3.

As to his fourth and fifth grounds for relief, petitioner summarily objects to the magistrate judge's findings and recommendation, contending only that "the record shows that there is no evidence that proved that he was involved with the crime and that the evidence of guilt is not overwhelming." Objections [Doc. #22], p.4. These conclusory statements do not offer any particular analysis of Ground 4, a claim of trial court error in the admission of a mugshot-type photograph of petitioner, or of Ground 5, a claim that police testimony about obtaining the mugshot from the Ferguson Police Department was unconstitutional. Both of these claims are

predicated on an argument that the challenged evidence disclosed or suggested to the jury prior bad acts by petitioner. The Court concludes that petitioner is entitled to no relief on these grounds.

Grounds 4 and 5 are without merit, as are petitioner's inapposite objections to the magistrate judge's analysis of them. This Court readily concludes that the state courts' rejection of petitioner's claims regarding this evidence involved no unreasonable application of federal law and constituted no violation of petitioner's constitutional rights. In the trial context in which the challenged evidence and testimony appear, they were admitted for purposes relevant to defendant's identification. There was no evidentiary error of constitutional magnitude. Only evidentiary errors that are so grossly prejudicial that they fatally infect the entire trial, preventing it from being fundamentally fair, will justify habeas corpus relief. <u>Rainer v. Department of Corrections</u>, 914 F.2d 1067, 1072 (8th Cir. 1990). The state courts' denial of relief on these grounds was not contrary to, nor an unreasonable application of, federal law. The objections concerning Grounds 4 and 5 will be overruled, and habeas relief denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the magistrate judge's report and recommendation [Doc. #22] are overruled.

**IT IS FURTHER ORDERED** that the report and recommendation [Doc. #15] is accepted and adopted.

Dated this __26th__ day of September, 2008.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE